## UNITED STATES v. WISCHERTH et al.
### In re KERNOFF.
### KERNOFF v. UNITED STATES.
#### No. 233.

Circuit Court of Appeals, Second Circuit.

Dec. 18, 1933.

Thomas E. Dewey, U. S. Atty., of New York City, and David Marcus, and Earle N. Bishopp, Asst. U. S. Attys., both of Brooklyn, N. Y.

M. Michael Edelstein, of New York City, for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

The Fidus II was sighted by the United States Coast Guard, October 9, 1933, coming through the Narrows of New York Harbor.

The patrol boat gave chase, but was unable to catch the Fidus II until she docked at the foot of Ninth Street, New York City. There the officer in charge of the patrol boat observed that the vessel was low in the water, apparently carrying a cargo, and he boarded her. He examined the ship's papers and asked permission to go below to check up the papers. A search there made discovered a quantity of contraband liquors. The crew were arrested, and the cargo seized. They were charged with violations of the customs and navigation laws of the United States.

The question presented on this appeal is whether it was necessary for the officers to show probable cause, as a prerequisite, for boarding, searching, and seizure of the vessel when within four leagues of the coast, or did such authority exist by reason of section 581 of the Tariff Act of 1930 (19 US CA § 1581) alone.

As we have stated, in the opinion in the Matter of Olsen, decided this day, such authority existed without the necessity of showing probable cause for the boarding. As there held, the Tariff Act of 1930, § 581, relating to boarding vessels, authorized officers of the Coast Guard to go on board any vessel at any place within the United States or within four leagues of the coast to examine the manifest and make search and examine the vessel without the necessity of showing probable cause in advance or procuring a search warrant.

This vessel was licensed for commercial purposes. Also it carried passengers at the port of New York and under this license she was permitted to act as a fishing yacht with a cargo on board. She was liable for forfeiture for violation of the navigation laws in addition to the violation of the customs law. She violated the terms and conditions of her license in engaging in a trade other than that for which she was licensed. R. S. § 4377 (46 USCA § 325).

She could be boarded at any time by an authorized officer to permit an examination to ascertain if there were violations of the laws of the United States. A vessel engaged in this trade was required to carry a manifest of her cargo and to exhibit it for inspection to any authorized officer when required. The Coast Guard officer had lawful authority to make the search and seizure.

We put our decision in this case, as in Matter of Olsen, upon the power of the officers under R. S. § 4336 (46 USCA § 277) to board and inspect the ship's license. That incidentally involved the power to go so far

in searching her as to ascertain whether she was engaged in fishing. Having discovered the liquors in the exercise of those powers, they might search completely and seize the contraband cargo.

Order reversed.